FILED

2015 Dec-07  AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ADAM HOLLINGSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:14-cv-02196-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

## I.    Introduction

The plaintiff, Adam Hollingsworth, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Hollingsworth timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Hollingsworth was thirty-one years old at the time of the ALJ's decision (tr. at 8, 31) and has a tenth grade education. (Tr. at 34.) He also attended some college classes at Gadsden State Community College, after receiving his GED. (Tr.

at 34, 135.) His past work experiences include employment as a stocker, dock worker/material handler, commercial industrial cleaner, cook/fast food worker, and food deliverer. (Tr. at 21, 50-51, 143-50.) Mr. Hollingsworth claims that he became disabled due to degenerative arthritis of the lumbosacral spine, lumbago, restrictive lung disease, obesity, and major depressive order with suicidal ideations. (Tr. at 14-15.) In the DIB application, Plaintiff alleged he became unable to work as of April 5, 2009 (tr. at 115), and in the SSI application, he alleged disability as of July 20, 2011. (Tr. at 117.) Early in the review process, however, it was determined that both applications would be considered assuming an onset date of July 20, 2011. (Tr. at 131.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§

404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Mr. Hollingsworth's insured status for purposes of Title II DIB expired on June 30, 2012. (Tr. at 13, 30, 56.) He further determined that Mr. Hollingsworth has not engaged in SGA since July 20, 2011. (Tr. at 13.) According to the ALJ, Plaintiff's

degenerative arthritis of the lumbosacral spine, lumbago, restrictive lung disease, obesity, and major depressive disorder are considered "severe" based on the requirements set forth in the regulations. (Tr. at 14-15.) However, at step three, the ALJ found that Plaintiff did not have an impairment, or a combination of impairments, that met or medically equaled the severity of any of the listed impairments. (Tr. at 15-17.) In reaching that finding, the ALJ specifically considered listing 1.04 (disorders of the spine), listing 3.02 (chronic pulmonary insufficiency), listing 3.03 (asthma), and listing 12.04 (affective disorders). The ALJ also found that, even considering the effects of Plaintiff's obesity, his impairments did not meet the criteria of any listed impairment. (Tr. at 17.)

Applying the Eleventh Circuit's pain standard, the ALJ did not find Mr. Hollingsworth's allegations to be entirely credible. The ALJ explained that Plaintiff's "alleged inability to perform all substantial gainful activity simply is not corroborated by the evidence in the record considered as a whole." (Tr. at 21.) The ALJ determined that Plaintiff has the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with limitations. The ALJ included substantial postural limitations as well as environmental limitations to address any breathing problems. (Tr. at 20-21.) Plaintiff is also precluded from working with

hazardous machinery or at unprotected heights. (*Id.*) Finally, he is limited to noncomplex job tasks requiring only simple workplace judgment. (*Id.*)

According to the ALJ, Mr. Hollingsworth is unable to perform any of his past relevant work, he is a "younger individual," and he has a "high school" education, as those terms are defined by the regulations. (Tr. at 163-65.) The ALJ found that "transferability of job skills is not material to the determination of disability" because the Medical-Vocational Rules support a finding that Plaintiff is "not disabled," whether or not the claimant has transferable job skills. (Tr. at 21.) With the benefit of testimony from a vocational expert (tr. at 51-52), the ALJ determined that there are a significant number of sedentary jobs in the national economy that Plaintiff is capable of performing, including a bench and table worker, a security system monitor, and an assembler. (Tr. at 22.) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id.*)

## II.     Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone*

*v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its

entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Mr. Hollingsworth alleges that the ALJ's decision should be reversed and remanded for four reasons. First, he believes that the ALJ failed to make a credibility finding on his mother. (Doc. 10 at 2.) Second, Plaintiff contends that the ALJ failed to seek a consultative orthopedic evaluation of his back pain. (*Id.*) Third, Plaintiff claims that the finding against his credibility is not supported by substantial evidence. (*Id.*) Fourth, Plaintiff asserts that the Appeals Council should have remanded the case. (*Id.*)

### A.   Weight of Testimony from Kathryn Fowler, Plaintiff's Mother

Plaintiff contends that the ALJ ignored his mother's testimony without any explanation. (Doc. 12 at 1.) He submits that if the ALJ had found his mother's testimony credible, there would be no job that he could perform. For the following reasons, Plaintiff's argument fails.

Ms. Fowler testified that before Plaintiff had a caregiver, she had to do his grocery shopping, cooking, cleaning, and anything else he needed. (Tr. at 45.) She

further stated that he does not leave his apartment and has been this way for a couple of years. (Tr. at 46.)

First, Ms. Fowler is considered an "other source," as defined by 20 C.F.R. §§ 404.1513(d), 416.913(d), whose testimony *may* be considered to establish an impairment. The regulations are clear that Ms. Fowler is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Her testimony in regards to Plaintiff's ability to work is lay evidence, which is not given the same weight as that of an "acceptable medical source" or treating physician when establishing the existence of an impairment. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *but see Crawford*, 363 F.3d at 1159 ("the testimony of a *treating physician* must be given substantial or considerable weight unless 'good cause' is shown to the contrary") (emphasis added).

Second, Plaintiff relies on *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990), in which the Eleventh Circuit remanded the case in part because the ALJ's decision did not review the testimony of "other sources," or give the reasons for rejecting this testimony. The court required the ALJ on remand to state the weight that he accorded to the testimony of the plaintiff's daughter and neighbor and the reasons to accept or reject this testimony. *Id.* However, *Lucas* is distinguishable because, despite Plaintiff's contention to the contrary, the ALJ both explicitly

considered and provided reasons for rejecting the testimony of Plaintiff's mother. The ALJ accurately summarized Ms. Fowler's complete testimony (tr. at 19, 45-46) and assessed her credibility. (*See id.* at 2.) Indeed, having considered all the evidence, including the testimony of Plaintiff and Ms. Fowler, the ALJ reached the following conclusion: "The objective medical evidence in the record does not support the extreme symptoms and limitations to which [Plaintiff] *and his mother* testified." (Tr. at 19 (emphasis added).)

Additionally, case law establishes that the ALJ is not required to make a specific credibility determination as to a family member's testimony or statements, if this determination is implicit in the rejection of the Plaintiff's own testimony. Although the Eleventh Circuit has held that an ALJ must "state specifically the weight accorded each item of evidence and the reasons for his decision," *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir.1986), and the court has also stated that the testimony of family members is evidence of a claimant's subjective feelings of pain, *see Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983), the court has made clear that even if the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, the Court should not find error if the credibility determination was implicit in the rejection of the claimant's testimony. *Id.* at 1254–55. For the reasons stated in part III. C., *infra*, substantial evidence

supports the ALJ's articulated reasons for discrediting Plaintiff's own testimony, and so even if the ALJ had not mentioned whether Plaintiff's mother was or was not credible, because the ALJ implicitly rejected Plaintiff's mother's testimony in the rejection of Plaintiff's subjective complaints, it was not necessary for the ALJ to further discuss the testimony of Plaintiff's mother.

**B.    Whether the ALJ was Required to Order a Consultative Examination by an Orthopedic Specialist**

Plaintiff asserts that the ALJ failed to seek a consultative orthopedic evaluation of his back pain. Plaintiff argues that when medical evidence is inadequate for the Commissioner to determine whether Plaintiff is disabled, the Commissioner has the responsibility to re-contact the Plaintiff's treating physician(s) or other medical source(s) and determine whether additional information is available. Furthermore, if the additional needed medical evidence is not readily available, then the ALJ should obtain a consultative examination. This argument is unavailing.

An ALJ "has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). However, there must be a "showing of prejudice" before the case is remanded to the Commissioner for "further development of the record." *Id.* at 1423. An ALJ is not required to order a consultative examination as long as the record contains sufficient evidence to make

an informed decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F. 3d 1253, 1269 (11th Cir. 2007); *Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014) (concluding that the district court erred in remanding the case to the ALJ with instructions to obtain consultative examination because record had been fully and fairly developed, and consultative examination was not necessary for ALJ to make informed decision). Furthermore, the regulations state that a consultative exam *may* be purchased when the record evidence is not sufficient to support a decision, such as when there is a conflict, inconsistency, ambiguity, or insufficiency in the evidence, or there is an indication of a change in a claimant's condition. *See* 20 C.F.R. §§ 404.1519a, 416.919a (emphasis added). Therefore, where the ALJ's findings are supported by evidence sufficient for a decision, the ALJ is not obligated to seek additional medical testimony. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999). Indeed, a consultative examination need not be obtained to establish absolute certainty regarding a claimant's condition, as the Social Security Act requires only substantial evidence to support an ALJ's findings. *See Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988).

Here, the Commissioner did order one consultative physical examination, which was performed by Sathyan V. Iyer, M.D., a specialist in family medicine. (Tr. at 237.) Dr. Iyer's consultative report and the rest of the record, as discussed

by the ALJ, provide substantial evidence to support the ALJ's findings. Plaintiff fails to convincingly explain why Dr. Iyer's evaluation was insufficient. All Plaintiff offers is that, because he alleged disabling pain, he should have been examined by an orthopedist. He can only speculate that a consultative examination by an orthopedist could reveal evidence that might support his claim. Speculation, however, is not a basis for requiring an ALJ to order a consultative examination, especially when the record already contained one. *See* 20 C.F.R. §§ 404.1519a, 416.919a.

Not only has Plaintiff failed to show that a consultative orthopedic examination was necessary for the ALJ to make an informed decision, he has failed to show that its absence prejudiced his claim. *See Graham*, 129 F.3d at 1423. The ALJ properly considered the record, which provides substantial evidence to support his RFC finding.

### C.    Whether Substantial Evidence Supports the ALJ's Credibility Finding

Plaintiff asserts that the ALJ erred in discrediting his subjective complaints of pain. For the following reason, this contention fails.

The Social Security Act provides that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ." *See* 42 U.S.C. § 423(d)(5)(A); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (same).

13

"[T]here must be medical signs and findings . . . which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce pain and other symptoms alleged and which, when considered with all evidence required to be furnished . . . would lead to a conclusion that the individual is under a disability." 42 U.S.C. § 423(d)(5)(A); *see* 20 C.F.R. §§ 404.1529, 416.929. Accordingly, an ALJ is not required to merely accept a claimant's subjective allegations of pain or other symptoms and may properly consider the claimant's credibility when making a determination of disability. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

When a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms, the ALJ applies what the Eleventh Circuit calls the "pain standard." *See Dyer*, 395 F.3d at 1210 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). The pain standard reflects the language of 20 C.F.R. §§ 404.1529 and 416.929. *See Wilson*, 284 F.3d at 1225-26. Although the ALJ is not required to recite the pain standard, the ALJ must make findings that indicate that the standard was applied. *See id.* at 1226-27. If, as in the instant case, a claimant establishes an impairment that could reasonably be expected to produce the alleged symptoms (tr. at 18, 20), the ALJ must evaluate

the intensity and persistence of those symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *Wilson*, 284 F.3d at 1225-26. In addition to the objective medical evidence, the ALJ considers factors such as (i) treatment history, (ii) the type, dosage, effectiveness, and side effects of any medications taken, (iii) treatment taken other than medications, (iv) any other measures used for relief of pain or other symptoms, (v) any precipitating and aggravating factors, (vi) medical source opinions, (vii) statements by the claimant and others about pain and other symptoms, (viii), information about prior work, and (ix) evidence of daily activities. *See* 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3). The ALJ also appropriately considers inconsistencies in the evidence, and the extent to which there are conflicts between the claimant's statements and the rest of the evidence, including the claimant's history, signs and laboratory findings, and statements by treating and non-treating sources or by other persons about how the symptoms affect the claimant. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). The regulations do not require, however, that the ALJ specifically discuss every section 404.1529/416.929 factor in evaluating a claimant's credibility. *See Dyer*, 395 F.3d at 1211 (concluding ALJ "adequately explained his reasons" for discrediting claimant's pain testimony where "ALJ considered [claimant's] activities of daily living, the frequency of his symptoms,

and the types and dosages of his medications"). Thus, the ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *see also* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210. "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotations omitted).

In this case, the ALJ recited the applicable standards for assessing subjective complaints and found that Plaintiff's statements concerning the "intensity, persistence, and limiting effects" of his symptoms were not "entirely credible." (Tr. at 20.) Furthermore, the ALJ asserted that the "evidence, or lack thereof, suggests that [Plaintiff] has exaggerated his symptoms and limitations for disability purposes," since the objective medical evidence in the record did not support the

"extreme" symptoms and limitations to which he and his mother testified. (Tr. at 19) Substantial evidence supports this conclusion.

First, as the ALJ noted, Plaintiff did not indicate significant limitations in activities of daily living in his August 2011 function report. (Tr. at 18, 151-58). On the contrary, he indicated he lived alone and had no problems attending to his personal care. (Tr. at 151-53). He watched TV and played video games and online games. (Tr. at 155). On a daily basis, he spent time with others, talking and playing games. Plaintiff stated he prepared frozen meals, pizza, and sandwiches. (Tr. at 153). He also washed dishes and went grocery shopping. Plaintiff indicated he did some house cleaning, but that his mother did most of it. He stated he went outside once every two weeks, but could not go out alone or drive due to pain in his back, legs, and feet. (Tr. at 154). Plaintiff indicated he used knee braces, foot/ankle supports, and a crutch to get around. (Tr. at 157). He also mentioned having "lots of problems with his breathing," and that it was hard to go outside or do anything because he got very winded. (Tr. at 158).

At his hearing, however, Plaintiff alleged more significant symptoms and limitations, as the ALJ noted. (Tr. at 18-19, 31-33, 37-44). He testified he lived with a caregiver and that he could not do his own household chores. (Tr. at 42-44). The muscle relaxers he took made him drowsy, and he spent most of the day lying

down. (Tr. at 38-39). Plaintiff testified he had constant, daily pain in his back radiating to his right leg. (Tr. at 37). He said he could not walk very far, could not sit or stand very long, and that the pain interfered with his concentration and memory. (Tr. at 37, 39). He stated he walked with a cane and could hardly stand without it. (Tr. at 39-40). He further testified that he became short of breath on the way to the bathroom, walking only five-to-six feet. (Tr. at 40-41).

The ALJ specifically noted that, although Plaintiff consistently alleged back pain, at times as high as ten on a ten-point scale (tr. at 272, 283), and he exhibited lumbosacral tenderness and muscle spasm during examinations (tr. at 216), January 2011 x-rays showed only some loss of lumbar lordosis and facet atrophy at L3-5. (Tr. at 218, 227). The ALJ further noted that James Anderson, M.D., the medical expert who reviewed the entire medical record, testified that Plaintiff's objective findings were minimal. (Tr. at 46-47). Dr. Anderson explained that the treatment records were "symptomatic and intermittent for medications that are normally reserved for the treatment of mild to moderate pain syndrome." (Tr. at 47). This is not what one would expect to see in a case where an individual has alleged pain as high as ten on a ten-point scale, with ten being the worst pain imaginable. Dr. Anderson testified that there were no complications from medical treatment documented in Plaintiff's file. (Tr. at 47.) He opined that Plaintiff's shortness of

breath and chest pain were obesity related.  Dr. Anderson concluded that based upon the minimal objective findings in the record, the opinion of the state agency medical consultant, Robert Heilpern, M.D., that Plaintiff was capable of sedentary work, was reasonable. (*See* tr. at 263.) Dr. Anderson, however, opined that a limitation to *light* work with a sit/stand option would be reasonable.  (Tr. at 46.) Even so, the ALJ gave the plaintiff the benefit of the doubt and limited him to sedentary work, rather than light work. (Tr. at 19.) Dr. Anderson also testified that the objective evidence did not support a finding that Plaintiff's cane was necessary for ambulation. (Tr. at 46.) The ALJ entitled great weight to Dr. Anderson's opinion, and stated that it is consistent with and supported by the record as a whole.

The ALJ then considered the testimony of Dr. Iyer, who performed the consultative examination in September 2011. Dr. Iyer opined that Plaintiff would have impairment of functions involving sitting and standing, walking for long periods, bending, lifting, carrying, working at height, working around moving machinery, pushing and pulling, overhead activities, and reaching out activities. (Tr. at 235-37.) Yet, Dr. Iyer observed that, on examination, Plaintiff had full range of motion of the neck, shoulders, elbows, wrists, ankles, left knee, and hips. *Id.* His grip strength was normal, and the muscle power of his upper extremities was

normal. *Id.* There were no motor or sensory deficits, and deep tendon reflexes were equivocal. *Id.* According to the ALJ, there is no basis for Dr. Iyer's suggestion that Plaintiff would have impairment of functions involving pushing and pulling, overhead activities, and reaching out activities. Therefore, the ALJ entitled great weight to Dr. Iyer's opinion, but held reservations with this opinion.

The ALJ then considered the 2011 Physical Residual Functional Assessment completed by Dr. Heilpern, the State agency medical consultant. Dr. Heilpern reviewed a significant portion of the record, and opined that Plaintiff could occasionally lift/carry ten pounds; frequently lift/carry less than ten pounds; stand/walk for at least two hours in an eight-hour day; sit for six hours in an eight-hour workday; push/pull without limitation; occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. (Tr. at 263, 266.) He opined that Plaintiff should avoid concentrated exposure to extreme cold and vibration and avoid all exposure to hazardous machinery and unprotected heights. (Tr. at 266.) Like Dr. Anderson's opinion and Dr. Iyer's opinion, the ALJ entitled significant weight to Dr. Heilpern's opinion.

All of the evidence discussed above constitutes substantial evidence to support the ALJ's pain-standard determination that, although Plaintiff's medically determinable impairments could reasonably be expected to cause some of the

alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (Tr. at 20). *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p. The ALJ explained that he fully recognized Plaintiff had pain and functional limitations related to his impairments, but he nevertheless had to conclude that "the evidence, or lack thereof, suggests that [Plaintiff] has exaggerated his symptoms and limitations for disability purposes." Accordingly, this Court will not disturb the ALJ's credibility determination. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(a), 416.929(a). As noted, the ALJ recognized that Plaintiff's degenerative arthritis of the lumbosacral spine, lumbago, restrictive lung disease, obesity, and major depressive disorder were severe impairments. (Tr. at 14). *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). To the extent the evidence supported credible work-related limitations, the ALJ fully accommodated them by restricting Plaintiff to a range of sedentary work. (Tr. at 17-21). Contrary to Plaintiff's suggestion, the ALJ's decision reflects that he properly applied the Eleventh Circuit pain standard, and substantial evidence supports the ALJ's credibility determination.

**D.    Whether the Appeals Council was Required to Provide a Detailed Discussion of Plaintiff's New Evidence and to Explain its Stated Rationale for Denying Review**

After the ALJ's denial, Plaintiff appealed to the Appeals Council, submitting records from the CED Mental Health Center from January through April 2013, which showed major depression with suicidal ideations and back and leg pain. The ALJ had evidence before him of the hospitalization but not the follow-up care with the CED Mental Health Center. Plaintiff takes issue with the fact that the Appeals Council denied review on 09/08/2014 without any reference to the submissions other than listing the records on the exhibit list and including the records in the official Record. Plaintiff's argument fails for the following reasons.

With few exceptions, Social Security disability benefits claimants are allowed to present new evidence at each stage of the administrative process. *See Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.900(b)). The Appeals Council has discretion not to review the ALJ's denial of benefits.  *See* C.F.R. §§ 404.970(b), 416.1470(b).  However, when claimants present new, material, and chronologically-relevant evidence to the Appeals Council, the Council must consider the evidence with the record as a whole and review the case if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Ingram*, 496 F.3d at 1266; *see also* 20 C.F.R. § 404.970(b) ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it

relates to the period on or before the date of the administrative law judge hearing decision.").

To the extent Plaintiff argues that his case should be remanded because the Appeals Council failed to *explain* the basis for its denial of review, that argument fails. In *Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780 (11th Cir. 2014), the Eleventh Circuit held that the Appeals Council is neither required "to provide a detailed discussion of a claimant's new evidence" nor "to explain its rationale when denying a request for review." *Id.* at 784-85. In its notice of action to Plaintiff, the Appeals Council stated it had considered the new evidence from CED Mental Health Center, but concluded that it did not change the substantial evidence supporting the ALJ's hearing decision:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. [exhibit B12F].
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of evidence of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. at 1-2.) The Appeals Council was not required to give any further explanation of its stated rationale for denying his request for review or to provide a detailed discussion of the new evidence Plaintiff submitted. *See Mitchell*, 771 F.3d at 784 (Appeals Council notice of action denying review contained no more explanation

for concluding the claimant's new evidence would not change the ALJ's decision than its notice of action in this case). There is no cause for remand based on the Appeals Council's wording of its denial of Plaintiff's request for review. The Appeals Council properly denied Plaintiff's request for review in accordance with the Eleventh Circuit's recent holding in *Mitchell.*

Moreover, Plaintiff has not provided any explanation for why the new evidence he submitted to the Appeals Council would render the ALJ's decision contrary to the weight of the evidence. The January through April 2013 mental health treatment records Plaintiff submitted to the Appeals Council do not undermine the substantial evidence supporting the ALJ's decision. Plaintiff alleges disability based on disabling pain with associated depression, but there is nothing in the records from CED Mental Health Center indicating Plaintiff's pain caused debilitating depression. (Tr. at 306-18.) The notes reflect that, after his hospitalization for depression and suicide ideation in early January 2013 (tr. at 292-301)—which the ALJ was aware of and discussed (tr. at 15-16) —Plaintiff was successfully treated with talk therapy and medications. (Tr. at 306, 308, 318.) Indeed, on April 8, 2013, Plaintiff reported a decrease in anxiety and denied any depression in the preceding month. (Tr. at 307.) The Appeals Council properly

concluded that the treatment notes from CED Mental Health Center did not provide a basis for changing the ALJ's decision.

## IV.   Conclusion

Upon review of the administrative record, and considering all of Mr. Hollingsworth's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON DECEMBER 7, 2015.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704